IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

      Plaintiff,                    No. 2:13-cv-0314 JAM KJN PS

    v.

COUNTY OF YOLO,

      Defendant.                <u>ORDER</u>

                                    /

        Plaintiff, who is proceeding without counsel, filed his complaint on February 19, 2013. (Dkt. No. 1.) Plaintiff's complaint for damages alleges claims against the Yolo County Sheriff Department and the Monroe Detention Center for (1) violation of the Fourth Amendment to the United States Constitution under 42 U.S.C. § 1983; (2) assault; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress. (<u>Id.</u>) Plaintiff also filed an application to proceed without prepayment of fees, or in forma pauperis. (Dkt. No. 2).[1]

        Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

The undersigned cannot conclude on the present record that plaintiff's action is frivolous, that the complaint fails to state claims on which relief can be granted, or that plaintiff seeks monetary relief from an immune defendant. The undersigned reserves decision as to plaintiff's claims until the record is sufficiently developed, and this order does not preclude defendant from challenging plaintiff's complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading. Accordingly, the undersigned will order service of the complaint on defendant County of Yolo.[2]

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Service of plaintiff's complaint is appropriate for the following defendant: County of Yolo.

3. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

---

[2] Plaintiff's complaint actually names the Yolo County Sheriff Department and the Monroe Detention Center as defendants. However, defendant Yolo County Sheriff Department is an improper party to the action, because it is merely a department or subdivision of the local government entity that should be properly named as a party, in this case the County of Yolo. See Pellum v. Fresno Police Dep't, 2011 WL 350155, at *2 (E.D. Cal. Feb. 2, 2011); Vance v. County of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (noting that the term "persons" for purposes of section 1983 does not encompass municipal departments); Stump v. Gates, 777 F. Supp. 808, 816 (D. Colo. 1991) ("naming a municipal *department* as a defendant is not an appropriate means of pleading a § 1983 action against a municipality"). However, in the interests of efficiency and because the County of Yolo is clearly implicated by plaintiff's allegations regarding the Yolo County Sheriff Department, the court instead directs service on the County of Yolo. Furthermore, because the Monroe Detention Center, as alleged in plaintiff's complaint, is simply a jail operated by the Yolo County Sheriff Department, it is a superfluous party to the action and need not be served in addition to the County of Yolo itself.

2


Case 2:13-cv-00314-JAM-KJN   Document 3   Filed 02/22/13   Page 3 of 4

4. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

5. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant to be served;

    c. A copy of the complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

    d. A copy of this court's scheduling order and related documents for each defendant to be served; and

6. Plaintiff shall supply the United States Marshal, within 28 days from the date this order is filed, all information needed by the Marshal to effectuate service of process, and *shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal*.

7. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. *The U.S. Marshal shall, within 10 days thereafter, file a statement with the court that such documents have been served.* If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

8. *If a defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).*

9. The Clerk of Court shall serve a copy of this order on the United States Marshal.

10. Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed. <u>See</u> Local Rules 110, 183(a).

IT IS SO ORDERED.

DATE: February 21, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE