IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,

      Plaintiff,                      No. 2:13-cv-0314 JAM KJN PS

      v.

COUNTY OF YOLO, et al.             <u>ORDER</u>

      Defendants.
_____/

      Plaintiff Sergei Portnoy, proceeding without counsel, commenced this action on February 19, 2013, alleging claims under 42 U.S.C. § 1983 and California state law against the Yolo County Sheriff Department and the Monroe Detention Center. (Dkt. No. 1.)[1] On February 22, 2013, the court granted plaintiff's request to proceed in forma pauperis and directed service on defendant County of Yolo. (Dkt. No. 3.) In directing service on defendant County of Yolo only, the court noted:

> Plaintiff's complaint actually names the Yolo County Sheriff Department and the Monroe Detention Center as defendants. However, defendant Yolo County Sheriff Department is an improper party to the action, because it is merely a department or subdivision of the local government entity that should be properly

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

    named as a party, in this case the County of Yolo.  See Pellum v. Fresno Police Dep't, 2011 WL 350155, at *2 (E.D. Cal. Feb. 2, 2011); Vance v. County of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (noting that the term "persons" for purposes of section 1983 does not encompass municipal departments); Stump v. Gates, 777 F. Supp. 808, 816 (D. Colo. 1991) ("naming a municipal *department* as a defendant is not an appropriate means of pleading a § 1983 action against a municipality").  However, in the interests of efficiency and because the County of Yolo is clearly implicated by plaintiff's allegations regarding the Yolo County Sheriff Department, the court instead directs service on the County of Yolo.  Furthermore, because the Monroe Detention Center, as alleged in plaintiff's complaint, is simply a jail operated by the Yolo County Sheriff Department, it is a superfluous party to the action and need not be served in addition to the County of Yolo itself.

(Dkt. No. 3 at 2 n.2.)  The court further observed that the order directing service of plaintiff's complaint "does not preclude defendant from challenging plaintiff's complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading."  (Id. at 2.)

    Subsequently, on April 16, 2013, defendant County of Yolo filed the instant motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 7.)  On April 22, 2013, plaintiff filed an opposition to the motion.  (Dkt. No. 8.)  Defendant County of Yolo filed a reply brief on May 9, 2013.  (Dkt. No. 9.)  Thereafter, on May 13, 2013, the motion was submitted upon the record and briefs on file without oral argument.  See E.D. Cal. L.R. 230(g).  (Dkt. No. 10.)

    After considering the parties' briefs and the applicable law, the court grants defendant's motion to dismiss with leave to amend.

BACKGROUND

    The background facts are taken from plaintiff's original complaint.  (See Dkt. No. 1.)  Plaintiff, a resident of Woodland, California, alleges that he was delivered by a Woodland Police Department officer to the Yolo County jail (the Monroe Detention Center) on February 23, 2011, for detention without a warrant, but based on a "Probable Cause Declaration" made by

2

a Woodland Police Department officer. (Id. at 2.) The Probable Cause Declaration, attached to plaintiff's complaint, provided the following alleged facts[2] in support of probable cause for plaintiff's arrest:

> On 11/21/10, 11/23/10, 11/26/10, Sergei deposited three checks from US Federal Savings Bank for $2,000.00 each into his wife's checking account at River City Bank (199 Main St Woodland), for a total of $6,000.00. Sergei then withdrew the $6,000.00 from the checking account. The checks were returned from US Federal Savings Bank stating there were insufficient funds. All the transactions were done at the ATM at River City Bank 199 Main Street Woodland, and were documented on video surveillance footage, which shows Sergei making the deposits and withdrawing the funds.
>
> Sergei had permission from his wife, Elena Portnoy to use the River City Bank account and had been doing so for several transactions prior to 11/21/10.

(Id. at 4.) The booking charge was listed as California Penal Code section 476a, which relates to writing bad checks and can potentially be charged as either a felony or a misdemeanor. See Cal. Penal Code § 476a. (Id.) The date/time of plaintiff's arrest was noted to be February 23, 2011, at 11:08 a.m., with a 48-hour expiration date/time of February 25, 2011, at 11:08 a.m. (Id.) The Probable Cause Declaration form also states that the above-mentioned facts relating to probable cause were read to a Judge Fall on February 24, 2011, at 7:30 a.m. (Id.) There is a handwritten February 24, 2011, "OK" notation referencing Judge Fall, suggesting that Judge Fall found probable cause on that date. (Id.)

Plaintiff claims that he continued to be detained after expiration of the 48-hour period on February 25, 2011, at 11:08 a.m. (Dkt. No. 1 at 2.) At around 1:00 p.m. on February 25, 2011, plaintiff was allegedly handcuffed and brought to the courthouse where commissioner Janene Beronio purportedly determined that there were no charges against plaintiff and that he

---

[2] The contents of the Probable Cause Declaration, attached to plaintiff's complaint, are set forth in this order for background purposes only. The court makes no determination regarding the truth or falsity of the facts outlined in the declaration in support of plaintiff's arrest.

3

should be released.  (Id. at 2-3.)  Despite the commissioner's determination, a Yolo County Sheriff Department officer refused plaintiff's request to immediately take off plaintiff's handcuffs, and the commissioner declined to order the officer to do so.  (Id. at 3.)  After a few hours, plaintiff was then delivered back to the jail, where he was released around 9:00 p.m. that night.  (Id.)  Plaintiff contends that he was unlawfully detained from 11:08 a.m. (the expiration of the 48-hour period since his arrest) until 9:00 p.m. on February 25, 2011, in violation of the Fourth Amendment to the United States Constitution.  (Id. at 2-3.)  Plaintiff further alleges that he was assaulted by being handcuffed against his will.  (Id. at 3.)

Based on these allegations, plaintiff asserts a claim for violation of the Fourth Amendment to the United States Constitution under 42 U.S.C. § 1983, as well as claims for assault, intentional infliction of emotional distress, and negligent infliction of emotional distress under California state law.  (Dkt. No. 1 at 1.)  Plaintiff requests compensatory damages in the amount of $300,000.00.  (Id. at 3.)

The instant motion to dismiss followed.

DISCUSSION

Legal Standard

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

4

for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

With these principles in mind, the court now turns to defendant's motion.

////

5

Claim for Violation of the Fourth Amendment under 42 U.S.C. § 1983

Defendant argues that any violation of plaintiff's Fourth Amendment rights was at best *de minimis*. Moreover, defendant contends that, even if such a violation occurred, plaintiff fails to state a claim against the County of Yolo under Monell v. Dep't of Social Servs., 436 U.S. 658 (1978) ("Monell").

As an initial matter, it seems questionable whether the allegations in plaintiff's complaint even give rise to a cognizable Fourth Amendment violation. The United States Supreme Court held that suspects who are arrested without a warrant must generally be provided with a judicial determination of probable cause within 48 hours of arrest. County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991). However, even though plaintiff alleges that he was only brought to court on February 25, 2011, after expiration of the 48-hour period, the Probable Cause Declaration, which was attached to plaintiff's complaint and referenced by plaintiff in his complaint, suggests that a probable cause determination was actually made by Judge Fall on February 24, 2011, prior to expiration of the 48-hour period. (Dkt. No. 1 at 4.) Thus, plaintiff's allegations appear to be contradicted by his own exhibit attached to the complaint. Although the court presumes that plaintiff disputes the alleged underlying facts in the Probable Cause Declaration, plaintiff has not represented in his briefing that the notation regarding Judge Fall's probable cause determination is false. Additionally, although the court also presumes that plaintiff would disagree with any finding of probable cause by Judge Fall, Judge Fall's determination need not necessarily have been correct to satisfy the constitutional requirement of a probable cause determination within 48 hours.

Furthermore, plaintiff was allegedly brought before commissioner Beronio on February 25, 2011, at around 1:00 p.m., approximately two hours after expiration of the 48-hour period at 11:08 a.m. that morning, which at best amounts to a *de minimis* violation. (Dkt. No. 1 at 2.) Additionally, the fact that plaintiff was not immediately released after the commissioner's order does not in itself violate the Fourth Amendment, because plaintiff logically needed to first

be transported back to the jail for completion of administrative release procedures.  See Brass v. Cnty. of Los Angeles, 328 F.3d 1192 (9th Cir. 2003) (holding that a 39-hour delay in releasing arrestee after a court order, pursuant to the county's policy or custom of processing court-ordered releases after other releases, did not violate arrestee's constitutional rights).

Nevertheless, even assuming that a Fourth Amendment violation had occurred, defendant contends that plaintiff's 42 U.S.C. § 1983 claim against the County of Yolo must be dismissed, because it fails to satisfy the requirements of Monell.  This argument has merit.

In Monell, the United States Supreme Court held that, because there is no respondeat superior liability under 42 U.S.C. § 1983, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Monell, 436 U.S. at 690-94.  Stated differently, the government entity's policy or custom must be "the moving force of the constitutional violation."  Id. at 694.  Furthermore, "[t]he existence of a policy, without more, is insufficient to trigger local government liability under section 1983...[B]efore a local government entity may be held liable for failing to act to preserve a constitutional right, plaintiff must demonstrate that the official policy evidences a deliberate indifference to his constitutional rights.  This situation occurs when the need for more or different action is so obvious, and the inadequacy of the current procedure so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need."  Oviatt By and Through Waugh v. Pearce, 954 F.2d 1470, 1477-78 (9th Cir. 1992) (citation and quotation marks omitted).  By itself, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell...."  City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985).

Bare or conclusory allegations regarding municipal customs, policies, or practices are insufficient to withstand a motion to dismiss.  AE ex rel. Hernandez v. County of Tulare, 666

F.3d 631, 637 (9th Cir. 2012). As one federal district court in California explained:

> In order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere "formulaic recitations of the existence of unlawful policies, customs, or habits." *Warner v. Cnty of San Diego*, 2011 U.S. Dist. LEXIS 14312, at *10, 2011 WL 662993 (S.D. Cal., Feb. 14, 2011). Prior to the Supreme Court's holdings in *Twombly* and *Iqbal*, the Ninth Circuit had held that "a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Shah v. Cnty. of L.A.*, 797 F.2d 743, 747 (9th Cir. 1986)). In light of *Twombly* and *Iqbal*, however, something more is required; mere conclusory allegations are insufficient. *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557; *see also Warner*, 2011 U.S. Dist. LEXIS 14312, at *10, 2011 WL 662993.

J.K.G. v. County of San Diego, 2011 WL 5218253, at *8 (S.D. Cal. Nov. 2, 2011).

Defendant correctly notes that plaintiff's complaint fails to even identify any policy, custom, or practice as the moving force or cause of the alleged constitutional violation, let alone that it amounted to deliberate indifference to plaintiff's constitutional rights. Therefore, even assuming that a Fourth Amendment violation had occurred, plaintiff's claim against the County of Yolo is subject to dismissal for failure to meet the requirements of Monell.

Accordingly, plaintiff's claim for violation of the Fourth Amendment under 42 U.S.C. § 1983 against defendant County of Yolo is dismissed, but with leave to amend. If plaintiff elects to file an amended complaint, he shall attach a copy of the Probable Cause Declaration that was attached to plaintiff's original complaint to any amended complaint. Importantly, if plaintiff disputes that Judge Fall had made a probable cause determination on February 24, 2011, plaintiff shall specify the factual basis for such an assertion in any amended complaint, if he can do so in good faith within the strictures of Federal Rule of Civil Procedure 11. Additionally, in any amended complaint, plaintiff shall address the above-mentioned deficiencies for pleading a Monell claim. In particular, plaintiff shall allege specific facts, as opposed to conclusory allegations, showing that a policy, custom, or practice of the County of

8

Yolo caused the alleged underlying constitutional violation and evidenced deliberate indifference to plaintiff's Fourth Amendment rights.

State Law Claims

As noted above, plaintiff's complaint also asserts California state law claims for assault, intentional infliction of emotional distress, and negligent infliction of emotional distress against defendant County of Yolo.  Defendant argues that these claims are subject to dismissal, because plaintiff failed to allege compliance with the claim presentation requirements of California's Government Claims Act, Cal. Gov't Code §§ 810 et seq.

Generally, no suit for money or damages may be brought against a public entity until a written claim therefor has been presented to the public entity, and the claim has either been acted upon or has been deemed to be rejected.  Cal. Gov't Code § 945.4.  A claim relating to a cause of action for an "injury to person" must be presented not later than six months after the accrual of the cause of action.  Cal. Gov't Code § 911.2(a).  "Compliance with the claims statute is mandatory, and failure to file a claim is fatal to the cause of action."  Pacific Tel. & Tel. Co. v. Cnty. of Riverside, 106 Cal. App. 3d 183, 188 (1980).

In his opposition, plaintiff does not appear to dispute that he did not comply with the claim presentation requirements, but instead argues that exhaustion of state administrative procedures is not required before filing a section 1983 action.  While plaintiff is correct in noting that exhaustion of state administrative remedies is not required to assert a claim under 42 U.S.C. § 1983, the remainder of his state law claims are subject to the claim presentation requirements of California's Government Claims Act.  Because plaintiff failed to allege compliance with these requirements, the court dismisses plaintiff's state law claims, but with leave to amend.

If plaintiff elects to amend his complaint and include state law claims for assault, intentional infliction of emotional distress, and negligent infliction of emotional distress against defendant County of Yolo, plaintiff shall allege compliance with the claim presentation requirements of California's Government Claims Act, assuming he can do so in good faith in

9

accordance with Rule 11 of the Federal Rules of Civil Procedure. Plaintiff shall also attach copies of the written claims filed to any amended complaint.

<u>Defendants Yolo County Sheriff Department and Monroe Detention Center</u>

For the reasons discussed above, defendants Yolo County Sheriff Department and the Monroe Detention Center are improper and/or superfluous parties. Accordingly, any amended complaint shall only name Yolo County as a defendant.

<u>Leave to Amend</u>

If plaintiff elects to file an amended complaint, the amended complaint shall be filed within 28 days of this order and shall be captioned "First Amended Complaint." Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the amended complaint is filed, the original complaint no longer serves any function in the case.

However, nothing in this order should be construed as requiring plaintiff to file an amended complaint. If plaintiff concludes that he is unable to amend his complaint consistent with the above requirements and in accordance with Federal Rule of Civil Procedure 11, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

<u>CONCLUSION</u>

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Defendant County of Yolo's motion to dismiss (dkt. no. 7) is GRANTED, but with LEAVE TO AMEND.

2. Plaintiff's claim for violation of the Fourth Amendment under 42 U.S.C. § 1983, as well as plaintiff's state law claims for assault, intentional infliction of emotional distress, and negligent infliction of emotional distress are dismissed, but with leave to file an

amended complaint that asserts these claims against the County of Yolo and addresses the deficiencies identified in this order.

3. Plaintiff shall file any amended complaint within 28 days of this order. If plaintiff elects to file an amended complaint, it shall be captioned "First Amended Complaint." Any amended complaint shall also attach a copy of the Probable Cause Declaration attached to plaintiff's original complaint, and copies of any written claims filed pursuant to California's Government Claims Act.

4. In the alternative, plaintiff may file a notice of voluntary dismissal of his claims without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure within 28 days of this order.

5. Failure to file either an amended complaint or a notice of voluntary dismissal in accordance with this order may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: May 13, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE